**Francisco Javier GUIZAR, Petitioner–Appellant,**

v.

**Wayne ESTELLE, Warden, and Attorney General of the State of California, Respondent–Appellee.**

No. 86–6378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1987.

Decided March 31, 1988.

Robert E. Boyce, Boyce & Frausto, San Diego, Cal., for petitioner-appellant.

Robert M. Foster, Supervising Deputy Atty. Gen., State of Cal., San Diego, Cal., for respondent-appellee.

Before BROWNING, HUG and REINHARDT, Circuit Judges.

PER CURIAM:

Francisco Javier Guizar was convicted of aiding and abetting first degree murder. He petitioned for a writ of habeas corpus and designated two "grounds" in his petition. He alleged that 1) he did not knowingly and intelligently waive his right to counsel, and therefore the state used his confession at trial in violation of his sixth amendment rights; and 2) the trial court erroneously failed to instruct the jury as to the requisite intent for aiding and abetting, and his conviction therefore violated the due process clause. As part of his first ground, Guizar alleged that the police failed to inform him that he was entitled to have counsel present both prior to and during his interrogation.

 Guizar's claim that he was not informed of his *Miranda* rights (the *"Miranda* claim") is factually related to his claim that his waiver of his *Miranda* rights was not knowing and intelligent (the "waiver claim"). However, Guizar did not raise the *Miranda* claim in the state courts. Because the substance of the two claims differs, we cannot consider the *Miranda* claim to have been "fairly presented" to the state courts, as is required by the exhaustion doctrine. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir.1986). Noting Guizar's failure to exhaust state remedies on the *Miranda* claim, the district court declined to consider that claim, *Guizar v. Estelle*, 640 F.Supp. 1146, 1147 n. 1 (S.D.Cal.1986), but then proceeded to rule on the remainder of Guizar's petition on the merits.

The district court erred in deciding the merits of Guizar's petition. When the district court discovers an unexhausted claim it is not free simply to ignore that claim. In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that a district court must dismiss habeas corpus petitions containing both exhausted and unexhausted claims. *Id.* at 522, 102 S.Ct. at 1205; *see Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir.1983) (*Rose v. Lundy* requires dismissal of entire habeas corpus petition without reaching the merits of any of its claims where petition combines exhausted and unexhausted claims). Therefore the district court should not have considered the merits of any of Guizar's claims.

In deciding how best to remedy this error, we follow the principles set forth in *Rose v. Lundy*. In that case, the Supreme Court held that prisoners who submit mixed petitions should have the option of either resubmitting their petitions with only exhausted claims, or exhausting the remainder of their claims in state court and then filing new petitions. 455 U.S. at 520,

102 S.Ct. at 1204; *see Szeto*, 709 F.2d at 1341. In order to give Guizar the benefit of that choice, we remand to the district court with instructions to dismiss Guizar's petition nunc pro tunc and without prejudice. Guizar may then seek to present his *Miranda* claim in state court; or, he may resubmit his petition with only the exhausted claims.[1] If he chooses the latter alternative, the district court may accept it nunc pro tunc and reinstate its opinion.

Guizar's petition is remanded for further proceedings consistent with this opinion.

REMANDED.

---

1. We note that the California Court of Appeal stated that Guizar was read a proper recitation of all of his *Miranda* rights at least once before he confessed. Nevertheless, because Guizar did not present his *Miranda* claim to the California courts, under *Rose v. Lundy* he must be given that option.