942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Paul BLEVINS, Petitioner-Appellant,
v.
Roger W. CRIST, et al., Respondents-Appellees.
 No. 91-15020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.
Decided Aug. 30, 1991.
 
 Before BROWNING, SNEED and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Paul Blevins, an Arizona state prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we vacate and remand with instructions to dismiss the petition without prejudice for failure to exhaust state remedies.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). Exhaustion requires that a petitioner's claims be fairly presented to provide the state courts with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 If state remedies have not been exhausted, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982). Nevertheless, if a federal constitutional claim can no longer be raised because of a failure to follow the prescribed procedure for presenting the issue, the claim is procedurally barred unless the petitioner can show cause and prejudice for the default. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991).
 
 
 5
 In his federal habeas petition, Blevins raised three issues: (1) there was insufficient evidence to support the charge of attempted armed robbery, (2) his guilty plea was involuntary, and (3) he received ineffective assistance of counsel. After he was convicted, Blevins filed a direct appeal raising these three issues.
 
 
 6
 While his direct appeal was pending, he filed a Rule 32 petition for post-conviction relief in the trial court raising the same issues raised in his direct appeal. Upon motion by the state, the Arizona Court of Appeals stayed the direct appeal pending the post-conviction proceedings. After the trial court summarily denied the Rule 32 petition, the Court of Appeals affirmed Blevins's conviction and sentence, denied on the merits his claims regarding the sufficiency of the evidence and the voluntariness of his guilty plea, determined that the record was insufficient to evaluate the ineffective assistance of counsel claim, and advised Blevins that he should file a Rule 32 petition if he wanted to pursue this claim. The Arizona Supreme Court summarily denied Blevins's petition for review, which we presume is a denial based on the same grounds as those in the Court of Appeals's opinion. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594-95 (1991).
 
 
 7
 Because the Arizona courts dismissed the claims concerning sufficiency of the evidence and voluntariness of the guilty plea on the merits, these claims are exhausted. See Turner v. Compoy, 827 F.2d 526, 529 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989). The state courts, however, did not address the claim of ineffective assistance on the merits but instead advised Blevins to file a Rule 32 petition. Thus, Blevins has not exhausted available state remedies. 28 U.S.C. § 2254; Duckworth, 454 U.S. at 3. Accordingly, his federal petition contains unexhausted claims, and the district court should have dismissed the entire petition without prejudice. See Rose, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).
 
 
 8
 The state nevertheless argues that Blevins has procedurally defaulted on his claim concerning ineffective assistance of counsel because (1) he did not petition for review from the trial court's denial of his Rule 32 petition and (2) the Arizona Court of Appeals relied on a procedural default in dismissing the claim. Nevertheless, in affirming Blevins's conviction, the Court of Appeals, which had a copy of his Rule 32 petition previously denied by the trial court, specifically advised him that there were available state remedies. Moreover, Blevins filed an affidavit in district court asserting that after the trial court denied his Rule 32 petition, he filed a timely motion for rehearing and a motion to consolidate his Rule 32 petition with his direct appeal that were never ruled upon.[1] Finally, no Arizona court has concluded that Blevins is procedurally barred from raising these claims. See Johnson, 929 F.2d at 464; cf. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1986) (state trial court determined petitioner was procedurally barred). Based on these circumstances, it appears that state remedies may still be available to Blevins and that he may not be procedurally barred from raising his claim of ineffective assistance of counsel in state court. See Johnson, 929 F.2d at 463-64.
 
 
 9
 VACATED and REMANDED with instructions to dismiss the petition without prejudice.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the copies attached to the affidavit are not file stamped by the Arizona court, Blevins asserts on appeal that file stamped copies were submitted as an exhibit by unrelated defendants in an unrelated 42 U.S.C. § 1983 action, D.C. No. CV-90-165-PHX