942 F.2d 793
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. PAGE, Petitioner-Appellant,
v.
George HERMAN, Warden, Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 91-15406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Aug. 30, 1991.
 
 Before BROWNING, SNEED and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles W. Page, an Arizona state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to vacate the judgment in his 28 U.S.C. § 2254 petition for habeas corpus. We review for an abuse of discretion, Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989), and we vacate and remand with instructions to dismiss the petition without prejudice for failure to exhaust state remedies.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). If a habeas petition contains unexhausted claims, the district court must dismiss a petition filed pursuant to section 2254. Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 In his federal petition, Page raises six issues. Three of the issues were never raised in state court. The district court determined that Page was procedurally barred from bringing these claims, presumably because he had filed a Rule 32 petition with the assistance of counsel. See Ariz.R.Crim.P. 32.2(a)(3) & (c). Nevertheless, the language of Rule 32.2(c), which allows an inference of waiver from a failure to raise claims in a previous proceeding, is permissive, not mandatory. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). Moreover, no Arizona court has concluded that Page is procedurally barred from raising these claims. See Id.; cf. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988) (state trial court denied Rule 32 petition because petitioner failed to raise claim on direct appeal or in two previous Rule 32 petitions; this court held that petitioner was procedurally barred from raising his claims). Thus, Page may not have exhausted available state remedies. 28 U.S.C. § 2254; see Duckworth, 454 U.S. at 3; Johnson, 929 F.2d at 464. Accordingly, his federal petition contains unexhausted claims, and the district court should have dismissed the entire petition without prejudice. Rose, 455 U.S. at 510 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).
 
 
 5
 VACATED and REMANDED with instructions to dismiss the petition without prejudice.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3