953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro RODARTE, Petitioner/Appellant,
v.
William J. BUNNELL and Attorney General of the State of
California, Respondent/Appellee.
 No. 89-55913.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 16, 1992.
 
 Appeal from the United States District Court for the Central District of California, No. CV 88-917-MLR; Manuel L. Real, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: FARRIS, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 1. Failure to exhaust state remedies
 
 2
 A criminal conspiracy conviction "requires proof that the defendant and at least one other person specifically intended to agree or conspire to commit a crime, specifically intended to commit the crime, and carried out overt acts in furtherance of the conspiracy." People v. Brigham, 265 Cal.Rptr. 486, 499 (Cal.Ct.App.1989) (Kline, J., dissenting). Pedro Rodarte argued in the California courts that there was no evidence to support a finding that Pedro and Gustavo Rodarte harbored the specific intent to kill. The courts were not asked to to determine whether there was sufficient evidence to support the "specific intent to conspire" element of the offense.
 
 
 3
 Before a constitutional claim can be presented to a federal court on collateral review, "28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon ... [the] claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971)). In Guizar v. Estelle, 843 F.2d 371, 371-72 (9th Cir.1988) (per curiam), Guizar argued in state court that he did not knowingly waive his Miranda rights and in federal court that he had not been informed of his Miranda rights. We concluded that, "[b]ecause the substance of the two claims differs, we cannot consider the Miranda claim to have been 'fairly presented' to the state courts...." Id. at 372. We reached a similar conclusion in Daniels v. Nelson, 453 F.2d 340, 341-42 (9th Cir.1972) (per curiam).
 
 
 4
 In Tamapua v. Shimoda, 796 F.2d 261, 263 (9th Cir.1986) (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958)), we stated that "a state prisoner will not be denied access to the federal courts because he failed to cite 'book and verse on the federal constitution.' " Tamapua addressed whether a habeas corpus petitioner fairly presented a federal, as opposed to a state, claim to the state courts. Pedro Rodarte clearly presented a federal claim to the state courts; we must determine whether he presented to the state courts the same federal claim that he presents in federal court. Because the facts necessary to support the two claims differ, the state courts have not been given a fair opportunity to "apply controlling legal principles to the facts bearing upon his constitutional claim." Anderson, 459 U.S. at 6. Pedro Rodarte failed to exhaust his state remedies.
 
 2. Sufficiency of the evidence
 
 5
 Even if we were to conclude that Pedro Rodarte has exhausted his state remedies, we would deny his petition on the merits. Pedro Rodarte met Agent Joe Vasquez as planned, indicated that he wanted something done but was not sure when, and gave Vasquez his phone number and told Vasquez when to call. Based on this prima facie showing of conspiracy, Gustavo Rodarte's statements were properly admitted against Pedro Rodarte. See Cal.Evid.Code § 1223 (West 1966); People v. Sully, 283 Cal.Rptr. 144, 165 (Cal.1991) (en banc).
 
 
 6
 When Gustavo Rodarte's statements are added to the testimony of Russ Gentry and Vasquez, there is sufficient evidence to support Pedro Rodarte's conviction. Gustavo Rodarte told Vasquez that he wanted the matter taken care of before Pedro Rodarte went to court, indicated that he had spoken to Pedro Rodarte, and stated that "[w]e want to have it done." A rational juror, viewing the evidence "in the light most favorable to the government," Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), could have found intent to conspire. See United States v. Meyers, 847 F.2d 1408, 1413 (9th Cir.1988) (once existence of conspiracy is shown, evidence connecting defendant with the conspiracy need only be slight).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3