959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley JOHNSON, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-55166.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Johnson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies. We review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 On November 28, 1989, Johnson filed a petition for a writ of habeas corpus in the California Supreme Court which was denied on January 3, 1990. On February 6, 1990, Johnson filed his petition for a writ of habeas corpus in the district court. The respondents, state prison officials, originally conceded exhaustion because Johnson's petition raised the same claims raised in the state habeas petition. Johnson, however, raised new, unexhausted claims in his traverse to the respondents' return. The respondents filed a supplemental return alleging failure to exhaust state court remedies. Johnson then filed a motion requesting that his unexhausted claims be withdrawn from consideration. The district court granted Johnson's motion, and issued an initial report and recommendation based solely on its consideration of the exhausted claims.
 
 
 5
 Johnson filed objections to the magistrate's initial report, once again raising his unexhausted claims. For instance, Johnson claimed that he is entitled to have his suitability for parole determined under the former Parole Board Rules, the guidelines in effect during the pendency of the former Indeterminate Sentencing Law under which he was sentenced.[1] The respondents again alerted the court to the presence of the unexhausted claims. Consequently, the magistrate withdrew the initial report and recommendation and issued a supplemental report and recommendation dismissing Johnson's habeas petition for failure to exhaust state court remedies.
 
 
 6
 Although Johnson originally withdrew his unexhausted claims in the district court, he subsequently raised them again in his objections to the magistrate's initial report and recommendation. Therefore, the district court properly dismissed the entire petition because it contained unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982). Johnson may either resubmit his habeas petition with any exhausted claims or exhaust his unexhausted claims in state court before filing a new petition. See Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). Johnson is warned that if he proceeds only with the exhausted claims, he may be barred from raising the unexhausted claims in a second federal habeas petition after the claims are exhausted. McClesky v. Zant, 111 S.Ct. 1454, 1456-57 (1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1977, California's Indeterminate Sentencing Law was repealed and replaced with the Determinate Sentencing Law, Cal. Penal Code § 3041.5 (West Supp.1978)