19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Wayne RIDINGS, Petitioner-Appellant,
v.
Michael GROOSE; Robert Corbin, et al., Respondents-Appellees.
 No. 93-16304.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Wayne Ridings, a state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition. Ridings pled no contest to second degree murder and conspiracy to commit murder for which he was sentenced to concurrent terms of 30 to 60 years and 20 to 30 years respectively. Ridings contends that he was sentenced in excess of the plea agreement and that his appellate and post-conviction counsel were ineffective. On July 12, 1988, the district court dismissed Ridings' petition for failure to exhaust state remedies. On November 6, 1989, we reversed and remanded for a determination of whether state remedies were still available and if unavailable whether cause and prejudice excused any state procedural default. On August 28, 1991, the district court determined that no state remedies remained available and found Ridings had procedurally defaulted on his claims. The district court ruled that Ridings had failed to establish cause for his default, but even were he able to establish cause his claims were nonmeritorious. We have jurisdiction under 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing the denial of this petition de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 
 
 3
 Once it has been established that a petition contains any claim as to which state remedies have not been exhausted, a federal district court cannot consider the merits of claims which have been exhausted, but must dismiss the entire petition for failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509, 522 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). Exhaustion, however, would not be required if the state courts would now find the claims necessarily procedurally barred. Coleman v. Thompson, 111 S.Ct. 2546, 2557 n. 1 (1991).
 
 
 4
 Because none of Ridings' allegations raise any colorable federal claim, we need not address procedural default. We can dispose of unexhausted claims which raise no unresolved questions of fact and fail to state colorable federal claims. See O'Bremski v. Maass, 915 F.2d 418, 421 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 5
 In his federal habeas petition, Ridings raises three claims: that he was sentenced in excess of the plea agreement and that he received ineffective assistance of appellate and post-conviction counsel.
 
 
 6
 It is apparent from the face of this record that Ridings was not sentenced in excess of the plea agreement. The plea agreement provided that the state would recommend an aggregate sentence of no more than 30 years for crimes which carried a sentence of no less than 10 years and no greater than life imprisonment. Ridings testified at his change of plea hearing that he understood that (1) the sentencing range set forth by the plea agreement spanned from a minimum of 10 years to a maximum of life imprisonment and (2) regardless of what anyone might recommend, the sentencing judge would determine the appropriate sentence. Although the court did not accept the state's recommended aggregate sentence of no more than 30 years, the court's sentence was within the range permitted by the plea agreement. Consequently, Ridings' claim that he was sentenced in excess of the plea agreement fails to state any colorable federal claim.
 
 
 7
 There is no federal constitutional right to post-conviction counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Consequently, Ridings' claim that post-conviction counsel was ineffective fails to state a colorable federal claim. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam).
 
 
 8
 Ridings' ineffective assistance of appellate counsel claim also fails to state a colorable federal claim. Ineffective assistance of counsel requires proof of deficiency and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. at 700. Ridings has alleged no prejudice from appellate counsel's purported ineffectiveness other than his claim that he was sentenced in excess of the plea agreement. His plea agreement claim, however, is nonmeritorious on its face for the reasons stated above. Because Ridings has failed to allege any prejudice to support an ineffective assistance of appellate counsel claim, Ridings has failed to state a colorable claim for ineffective assistance of appellate counsel.
 
 
 9
 Because Ridings has failed to state any colorable federal claim, we deny his petition on its merits.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3