28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert N. ABEL, Plaintiff-Appellant,
v.
Beverly CUTLER; Mike Wolverton; Jeane Hanson; Alex
Swiderski; State of Alaska, Defendants-Appellees.
 No. 93-35797.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert N. Abel, an Alaska state prisoner, appeals pro se the district court's dismissal, prior to issuance and service of process, of his 42 U.S.C. Sec. 1983 action. Abel contends the district court erred when it (a) found that Abel's section 1983 complaint attempted to relitigate matters previously determined and (b) construed his challenges to his conviction as a 28 U.S.C. Sec. 2254 petition and dismissed it for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. Secs. 1291 and 2253, and we affirm.
 
 
 3
 When reviewing the district court's dismissal of Abel's Sec. 1983 claim, we review for abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 The district court properly determined that Abel's section 1983 action attempts to relitigate matters previously determined against him. See Abel v. Cutler, No. 89-35611, unpublished memorandum disposition (9th Cir. Dec. 21, 1990). Consequently, the district court did not abuse its discretion when it dismissed Abel's section 1983 claims. See Allen v. McCurry, 449 U.S. 90, 95-98 (1980); Denton, 112 S.Ct. at 1734.
 
 
 5
 When reviewing the dismissal of Abel's Sec. 2254 petition, we accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990).
 
 
 6
 Abel was convicted of first degree murder. The trial court refused to instruct the jury on the "heat of passion" defense. Abel filed a notice of appeal but withdrew it when he decided to seek executive clemency. After his attempts to obtain executive clemency were unsuccessful, Abel petitioned for post-conviction relief raising the sole claim that the trial court erred by refusing to instruct the jury on the "heat of passion" defense. The lower state court refused relief and the decision was affirmed on appeal.
 
 
 7
 In this federal petition, Abel raises numerous claims challenging his conviction, many of which the district court found had never been raised to the highest state court available either on direct appeal or by writ of habeas corpus.[1]
 
 
 8
 Abel insists that he exhausted all of his claims when he filed his direct appeal. That appeal, however, was withdrawn by petitioner and not litigated.
 
 
 9
 Abel has failed to establish that he has exhausted all of his claims. Accordingly, the district court properly found Abel's petition mixed and dismissed it, without prejudice, for failure to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 522 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (district court cannot reach merits of mixed petition but must dismiss entire petition for failure to exhaust state remedies).[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Three other federal petitions filed by Abel, based on seemingly identical allegations as raised here, have been dismissed for failure to exhaust state remedies
 
 
 [2]
 We construe Abel's filings of November 11, 1993; December 17, 1993; January 19, 1994; January 24, 1994; April 1, 1994; April 28, 1994; May 2, 1994; May 5, 1994; and May 18, 1994 as motions. So construed, they are denied