42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Petitioner-Appellant,
v.
Daniel VASQUEZ, Respondent-Appellee.
 No. 94-16176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monroe Jones, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition. Jones contends the district court erred when it denied his petition on the grounds that his ineffective assistance claim was frivolous and his Faretta claim was procedurally barred. We have jurisdiction pursuant to 28 U.S.C. Sec. 2553. After reviewing the district court's conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we vacate and remand.
 
 
 3
 On January 25, 1991, Jones was convicted by jury of one count of anal penetration by a foreign object and three counts of forcible sodomy.
 
 
 4
 On February 19, 1991, before he was sentenced, Jones pro se petitioned the California Supreme Court for habeas relief. In this petition, Jones raised numerous claims, including that he "was not allowed to present medical files to show that there was no rape or abuse." He also alleged that he attempted to remove counsel but the trial court refused; that counsel "was not defending [him]," had "failed to represent [him]," "refused to raise any issues [Jones] requested of him," and failed to impeach witnesses. On March 27, 1991, the California Supreme Court denied his petition, citing In re Dixon, 264 P.2d 513, 514 (Cal.1953).
 
 
 5
 On April 19, 1991, before filing his opening brief in the state court of appeal on his direct appeal, Jones filed a pro se petition for habeas relief in the state court of appeal. This petition challenged the trial court's use of prior convictions for sentence enhancement purposes. On May 3, 1991, the state court of appeal denied the petition and, on July 10, 1991, the California Supreme Court denied review.
 
 
 6
 On November 6, 1991, Jones, represented by counsel, filed his opening brief in the state court of appeal on his direct appeal. On direct appeal, Jones raised jury instruction and sentencing issues. On June 5, 1992, the court of appeal affirmed Jones's conviction and, on June 29, 1992, modified its opinion but denied Jones's petition for rehearing. Jones, raising one sentencing issue, petitioned the California Supreme Court for review; review was granted on August 20, 1992. On September 13, 1993, the California Supreme Court remanded the case to the trial court with instructions to modify the sentence but otherwise affirmed the judgment.
 
 
 7
 On October 10, 1991, Jones filed a pro se petition for habeas relief in district court. In this petition, Jones claimed he was denied his right to represent himself and denied the effective assistance of counsel. Jones alleged: counsel showed no interest in the defense of Jones; counsel only visited Jones two times from the time of the preliminary hearing until trial; at each interview he and counsel fought verbally; a conflict of interest existed between counsel and Jones; counsel failed to interview defense witnesses or the alleged victims; at trial, counsel failed to ask the questions which Jones wanted asked; and counsel failed to introduce medical records from San Francisco General which purportedly proved that no rape had occurred. On September 18, 1992, Jones filed a traverse which raised numerous other claims.
 
 
 8
 On June 3, 1994, the district court denied Jones's petition, ruling that (1) his claim that counsel was ineffective for failing to introduce medical records was frivolous; (2) he otherwise failed to cite any specific instance of alleged ineffective assistance; (3) his Faretta claim was procedurally barred; and (4) claims raised in his traverse would not be considered.
 
 
 9
 The district court acknowledged it was unclear whether Jones's February 19, 1991 state habeas petition, which was denied by the California Supreme Court on March 27, 1991 with a citation to Dixon, was sufficient to exhaust either (a) his claim that counsel was ineffective for failing to introduce medical records or (b) his Faretta claim.[1] Even though it was unclear whether Jones had exhausted his claim that counsel was ineffective for failing to introduce medical records, the district court, relying on Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir.), cert. denied, 113 S.Ct. 117 (1992), ruled it could reach the merits of the claim because the claim was "so insubstantial as to be frivolous." Even though the district court recognized that Jones had not exhausted his Faretta claim, the district court concluded that exhaustion was unnecessary because the claim is now procedurally barred. We disagree with the district court's procedural bar analysis and its conclusion that exhaustion is unnecessary.
 
 
 10
 It is undisputed that Jones filed his state petitions for collateral relief out of sequence. See In re Harris, 855 P.2d 391, 398 (Cal.1993) ("absent strong justification, issues that could be raised on appeal must initially be so presented, and not on habeas corpus in the first instance"); In re Bell, 122 P.2d 22, 24 (Cal.1942) (except in exceptional cases, the writ of habeas corpus may not be used or employed to correct error when there is a remedy by appeal or other direct attack). It is also undisputed that Jones failed to raise any of the issues which he now raises in federal court on direct appeal. When an issue based on the appellate record could have been raised on direct appeal, there is California case law supporting the view that "an unjustified failure to present an issue on appeal will generally preclude its consideration in a postconviction petition for a writ of habeas corpus." Harris, 855 P.2d at 398 (citing Dixon, 264 P.2d at 513). However, California case law expressly recognizes exceptions to this general rule. See id. at 395 n. 3 & 398-405. Although California courts may conclude that Jones has waived any claim which he could have raised on appeal, the federal courts cannot draw this conclusion in the absence of a mandatory state procedural bar rule. See Johnson v. Lewis, 929 F.2d 460, 464 (9th Cir.1991). Consequently, the district court erred when it concluded that Jones's Faretta claim was procedurally barred. See id.
 
 
 11
 Because a state remedy remains available to Jones, the district court also erred when it reached the merits of his claim that counsel was ineffective based on counsel's asserted failure to introduce medical records. See Rose v. Lundy, 455 U.S. 509, 520, 522 (1982) (before the district court can reach the merits of any claim, each claim raised by petitioner must be exhausted); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (same). Cf. Rule 4, Rules Governing Section 2254 Petitions, 28 U.S.C. foll. Sec. 2254 (when it is apparent on the face of the petition that the entire petition lacks merit, district court may dismiss petition with prejudice without regard to exhaustion); Granberry v. Greer, 481 U.S. 129, 131 (1987) (lack of exhaustion is not a bar to appellate consideration of a claim); Obremski v. Maas, 915 F.2d 418, 421 (9th Cir.1990) (appellate court can reach merits of unexhausted claims when there are no unresolved questions of fact and claims are not colorable under federal law), cert. denied, 498 U.S. 1096 (1991).[2]
 
 
 12
 Accordingly, we vacate the district court's order of June 3, 1994 in its entirety and remand with instructions that Jones's petition be dismissed, without prejudice, for failure to exhaust state remedies. In its order of dismissal, the district court shall inform Jones that (1) he must present to the state's highest court the legal and factual basis of each and every federal claim that he wishes to raise in federal court; and (2) when he returns to district court, he must present all of his claims in his petition, see Cacoperdo v. Demosthenes, No. 93-15794, slip op. 12015, 12019 (9th Cir. Oct. 4, 1994) (a traverse is not the proper pleading to raise additional grounds for relief).
 
 
 13
 VACATED and REMANDED with instructions to dismiss, without prejudice, for failure to exhaust state remedies.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Dixon, 264 P.2d at 514, stands for the proposition that habeas cannot serve as a substitute for an appeal, the district court interpreted the California Supreme Court's March 27, 1991 order to mean that it would not consider a claim on collateral review before petitioner's direct appeal had been decided. We agree with this interpretation by the district court and, after reviewing state and federal law, expressly draw the conclusion which the district court omitted to make: because Jones filed his February 19, 1991 state petition before his direct appeal had been decided, the February 19, 1991 petition failed to exhaust any claim raised therein. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (exhaustion is not satisfied if a federal claim is presented to the highest state court for the first and only time in a procedural context where its merits will not be considered unless there are special and important reasons); Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir.1983) (state can dictate procedure for presenting claims so long as the right of review is not foreclosed or unduly limited); In re Harris, 855 P.2d 391, 398 (Cal.1993) ("absent strong justification, issues that could be raised on appeal must initially be so presented, and not on habeas corpus in the first instance"); In re Bell, 122 P.2d 22, 24 (Cal.1942) (except in exceptional cases, the writ of habeas corpus may not be used or employed to correct error when there is a remedy by appeal or other direct attack). Even were we to conclude otherwise, exhaustion would still be problematic. In his February 19, 1991 state petition, Jones did not allege that counsel was ineffective for failing to introduce medical records but only that "I was not allowed, to present medical files, to show there was no rape, or abuse." In that same petition, Jones did not allege that he wished to proceed pro se but only that the trial court had refused his attempt to have counsel removed. A federal claim is exhausted only if petitioner has presented to the highest state court with jurisdiction to hear the claim both the "operative facts and legal theory" on which his claim is based. Picard v. Connor, 404 U.S. 270, 277-78 (1971)
 
 
 [2]
 The district court erred too when it concluded that Jones had failed to state any other instance of ineffective assistance. It is true that Jones failed to state some of his allegations of ineffective assistance with sufficient specificity. For example, Jones alleged counsel was ineffective for failing to interview defense witnesses but Jones failed to identify those persons or the relevance of their testimony. Similarly, Jones alleged that counsel refused to ask questions at trial which he wanted asked but Jones failed to identify the content of those questions or their relevance. However, Jones also alleged that counsel failed to interview the alleged victims and that counsel only visited Jones two times from the time of the preliminary hearing to the time of trial. These latter allegations are sufficient to state a claim