51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Norris HANKS, Petitioner-Appellant,
v.
R.G. BORG, Warden, Folsom State Prison, Respondent-Appellee.
 No. 94-15625.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Norris Hanks, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for first degree murder with special circumstance. The district court dismissed two of Hanks's claims without prejudice for failure to exhaust, and found Hanks's other claims to be without merit. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo a district court's denial of habeas relief. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994). We vacate and remand.
 
 
 3
 Generally, a state prisoner must exhaust available remedies in state court before seeking federal habeas review. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 516 (1982). A claim is considered exhausted when it has fairly been presented to the state's highest court. See Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir.1992), cert. denied, 113 S.Ct. 975 (1993). A district court must dismiss without prejudice a "mixed" habeas petition containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522; Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992).
 
 
 4
 Hanks was convicted of first-degree murder with special circumstance and sentenced to prison for life without possibility of parole in 1986. Hanks appealed to the state court of appeals which affirmed the judgment and to the California Supreme Court, which denied review. In his federal habeas corpus petition, Hanks raised the following grounds: (1) prosecutorial misconduct; (2) insufficient evidence; (3) improper jury instructions; and (4) admission of improper evidence, including evidence of past spousal abuse, past homicides, damage to defendant's automobile, and testimony about defendant's state of mind. The district court dismissed the first two claims for failure to exhaust state remedies[1] but went on to reach the merits of Hanks's remaining claims.
 
 
 5
 Because Hanks did not include two of the claims in his state appeal, he has failed to exhaust available state court remedies. See Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). Therefore, the district court should have dismissed Hanks's petition because it contained both exhausted and unexhausted claims. See Rose, 455 U.S. at 522; Guizar, 843 F.2d at 138.
 
 
 6
 Accordingly, the district court order denying Hanks's habeas petition is remanded with instructions to enter an order dismissing the petition for federal habeas relief without prejudice.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hanks failed to include claims of either prosecutorial misconduct or sufficiency of the evidence in his state appeal