69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrin Dominic BRADLEY, Petitioner-Appellant,
v.
STATE OF MONTANA; Jack Harrington, Blaine County Sheriff;
State of Montana Department of Probation & Parole,
Respondents-Appellees.
 No. 94-36163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrin Dominic Bradley appeals the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Bradley contends that the district court erred by dismissing his petition for failing to exhaust state remedies. We have jurisdiction under 28 U.S.C. Sec. 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and vacate and remand.
 
 
 3
 A petitioner presenting a "mixed petition" must be given the opportunity either to return to the state courts to exhaust all claims, or to resubmit or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 520-21 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).
 
 
 4
 After finding that Bradley failed to exhaust the claim that counsel was ineffective because he did not obtain the services of an accident reconstruction expert, the district court ordered the petition dismissed unless Bradley amended his petition to abandon the claim. Bradley did amend his petition and abandoned the claim. Nevertheless, the district court dismissed the amended petition for failure to exhaust.
 
 
 5
 Bradley challenges the district court's order requiring him to exhaust state remedies or file an amended petition deleting his claim that counsel was ineffective for failing to hire an expert.[1] Montana allows challenges to unconstitutional convictions by means of a petition for post-conviction relief under Mont.Code Ann. Sec. 42-21-101. See, e.g., Montana v. McColley, 807 P.2d 1358, 1359-60 (Mont.1991) (reviewing denial of petition for post-conviction relief claiming that ineffective assistance of trial counsel requires reversal of judgment of conviction). Thus, the district court correctly found that Bradley's first petition contained an unexhausted claim. See Rose, 455 U.S. at 520-21; Guizar, 843 F.2d at 372.
 
 
 6
 Bradley contends that the district court erred by dismissing his amended petition for failure to exhaust. We agree. Because the amended petition presented only exhausted claims, the district court erred by dismissing the petition for failure to exhaust. See Rose, 455 U.S. at 520-21; Guizar, 843 F.2d at 372.
 
 
 7
 Accordingly, we VACATE the district court's dismissal, and REMAND with instructions to consider the exhausted claims on the merits.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over this interlocutory order. See Chacon v. Wood, 36 F.3d 1459, 1467 (9th Cir.1994)