83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry PRATT, Petitioner-Appellant,
v.
Eddie YLST, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-16139.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Larry Pratt appeals pro se the district court's denial of his habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and vacate and remand for failure to exhaust state remedies.
 
 
 3
 A petitioner satisfies the exhaustion requirement if he fairly presents his habeas claims to the state's highest court. Picard v. Conner, 404 U.S. 270, 275 (1971); see also Duncan v. Henry, 115 S.Ct. 887, 888 (1995). A claim is fairly presented if the petitioner has described the operative facts and legal theories on which his claim is based. Picard, 404 U.S. at 277-78. A district court must dismiss without prejudice a "mixed" habeas petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 516 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).
 
 
 4
 Although Pratt filed a habeas corpus petition with the California Supreme Court, he did not allege that the Parole Board violated his due process rights by relying on a "confidential memorandum" when it rescinded his parole date. Pratt has not presented California's highest court with the operative facts or legal theory of the due process claim that he raised in the district court. See Picard, 404 U.S. at 277-78. Accordingly, we remand to the district court with instructions to enter an order dismissing the habeas corpus petition without prejudice unless Pratt amends his petition to present exhausted claims only. See Rose, 455 U.S. at 516; Guizar, 843 F.2d at 372.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3