89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald R. CRENSHAW, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55528.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Ronald R. Crenshaw appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and affirm.
 
 
 3
 We review de novo a district court's decision to grant or deny a petition for habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We may affirm on any ground supported by the record. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718, reh'g denied, 116 S.Ct. 977 (1996).
 
 
 4
 A petitioner satisfies the exhaustion requirement if he fairly presents his habeas claims to the state's highest court, or shows that no state remedy remains available. Picard v. Conner, 404 U.S. 270, 275 (1971); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). "[A] district court must dismiss habeas corpus petitions containing exhausted and unexhausted claims." Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (per curiam); see Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 5
 Here, Crenshaw failed to exhaust state remedies with respect to the following claims raised in his petition: (1) counsel was appointed over his objection, in violation of his due process and Sixth Amendment rights; (2) "newly discovered evidence" of a nine to eleven year translator warranted a new trial; and (3) the prosecutor suppressed evidence, violating his due process rights, and resulting in a conviction based on false evidence. In addition, the State correctly contends that Crenshaw has exhausted state remedies only with respect to the following ineffective assistance of counsel claims: (1) counsel failed to alert the court to "newly discovered evidence;" (2) counsel improperly expressed an opinion at the preliminary hearing regarding the sufficiency of the evidence; and (3) counsel's failure to "follow-up" on objections regarding prior prison commitments and the testimony of Detective Fleming. Accordingly, the remainder of Crenshaw's ineffective assistance of counsel claims are unexhausted. Because Crenshaw's habeas petition contains unexhausted claims, the district court correctly dismissed his petition. See Guizar, 843 F.2d at 372.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's request for oral argument and reconsideration of appointment of counsel is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the State has failed to raise the nonexhaustion defense with respect to Crenshaw's remaining claims, we do not address them here