**Philip Charles KELLOTAT,
Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary; The Attorney General of the State of Oregon, David Frohnmayer, Respondents-Appellees.**

No. 82–3518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 1983.

Decided Nov. 3, 1983.

Pamela J. Griffith, Portland, Or., for petitioner-appellant.

Virginia L. Linder, Deputy Atty. Gen., Salem, Or., for respondents-appellees.

Before SNEED, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge:

The district court dismissed Kellotat's habeas corpus petition for failure to exhaust state remedies. We affirm.

## FACTS

Kellotat, representing himself, was convicted of robbery in Oregon Circuit Court. He appealed on several grounds to the Oregon Court of Appeals, where an attorney was appointed to represent him. Kellotat became dissatisfied with the attorney, however, because the attorney refused to raise certain issues on appeal. At Kellotat's request, the attorney filed a motion to withdraw and a motion to appoint alternate counsel. The Oregon Court of Appeals granted the motion to withdraw, but denied the request to appoint new counsel.

Kellotat unsuccessfully petitioned the Oregon Supreme Court for interlocutory review of the order refusing to appoint substitute counsel. He then proceeded *pro se* before the Court of Appeals. The court affirmed his conviction, and Kellotat sought review by the Oregon Supreme Court. In this second petition for review, Kellotat did not raise his claim regarding denial of appellate counsel. The Oregon Supreme Court again declined to review the case.

Kellotat sought post-conviction relief in federal district court pursuant to 28 U.S.C. § 2254 (1976). He alleged that his constitutional rights had been violated by three errors at trial and by the refusal to appoint substitute counsel for direct appeal. The district judge found that Kellotat had not exhausted state remedies for the claimed denial of appellate counsel, and consequently dismissed the entire petition as required by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Accord Gonzales v. Stone,* 546 F.2d 807, 810 (9th Cir. 1976).

## DISCUSSION

For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). Prisoners must therefore exhaust available state remedies before presenting their claims to federal courts. Exhaustion, however, does not demand "repetitious applications" to state courts; a prisoner need only fairly present his claims to the state courts once. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). We have held that a petitioner can satisfy the exhaustion requirement in either of two ways: (1) by presenting the state supreme court with a fair opportunity to rule on the merits; or (2) by showing that no state remedies remain available. *Batchelor v. Cupp,* 693 F.2d 859, 862 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).

The state concedes that Kellotat has exhausted his remedies for the alleged trial errors by raising these claims on direct appeal and then petitioning the Oregon Supreme Court for review. The sole issue here is whether Kellotat has exhausted state remedies for his claim of denial of appellate counsel. Kellotat argues that he has done so under either of the above means. His contentions present difficult questions of Oregon law and of the federal policies underlying the exhaustion requirement.

## I. Review by the Oregon Supreme Court

Kellotat petitioned the Oregon Supreme Court for interlocutory review of the appel-

late court's refusal to appoint substitute counsel. This interlocutory petition, he contends, provided the Oregon Supreme Court with a "fair opportunity" to rule on the merits, and so satisfied the exhaustion requirement.

■ The parties dispute whether Kellotat's claim was properly presented to the state supreme court by interlocutory appeal. We need not decide this state law question, however, for we hold that even a regular petition for review to the Oregon Supreme Court does not satisfy the exhaustion requirement for this type of claim. We reach this decision because of the nature and scope of Oregon appellate and collateral remedies.

■ Oregon provides two distinct avenues for review of alleged errors, including constitutional violations. Such alternative procedures are perfectly acceptable; "a state may require that one procedure be used to the exclusion of another so long as the right of review is not foreclosed or unduly limited." *Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976). In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals. *Lerch v. Cupp,* 9 Or.App. 508, 497 P.2d 379, *rev. denied* (1972); *see State v. Montgomery,* 294 Or. 417, 657 P.2d 668 (1983). Examples offered by the State of such trial errors that are appropriately raised on appeal are: admission of an involuntary confession; failure to suppress evidence obtained in violation of the fourth amendment; failure to provide appointed counsel at trial; double jeopardy; selective prosecution; and prejudicial conduct by the prosecutor or judge during jury selection or trial. All of these matters are subject to review as of right in the Court of Appeals of Oregon. A defendant who is unsuccessful there must then petition for discretionary review by the Oregon Supreme Court in order to exhaust the remedy of direct appeal and open

the way to federal court. *Batchelor v. Cupp,* 693 F.2d 859 (9th Cir.1982).

■ For violations of a defendant's rights that occur after trial, or that require a further evidentiary hearing for their determination, Oregon provides a statutory remedy in its trial courts by way of the Oregon Post-Conviction Hearing Act, Or. Rev.Stat. §§ 138.510 to 138.680 (1981). Examples offered by the State of claims properly asserted in post-conviction proceedings include: ineffectiveness of trial counsel; ineffectiveness of appellate counsel; failure to provide appellate counsel; and failure to provide a free transcript on appeal.

■ We accept the State's description of Oregon's direct and collateral remedies as an accurate if not necessarily comprehensive characterization of Oregon law on the subject. We also agree that Kellotat's claim that he was improperly denied appointed counsel on appeal is an issue appropriately determined upon post-conviction review rather than upon direct appeal. This point is significant because grounds for relief that reasonably could have been raised on direct appeal may not be asserted in the state's post-conviction proceedings, absent special justification.[1] Or.Rev.Stat. § 138.550(2); *Lerch v. Cupp, supra.* Kellotat will not run afoul of that rule in seeking state post-conviction relief, and the state's post-conviction remedy accordingly remains unexhausted.

■ We also conclude that Kellotat's unsuccessful petition for interlocutory review by the Oregon Supreme Court does not satisfy the exhaustion requirement. It is true that the federal exhaustion requirement is normally satisfied if a state supreme court is presented with a fair opportunity to rule on the merits of a claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir.1981) (per curiam), *cert. denied,* 455 U.S. 1023, 102 S.Ct. 1722, 72 L.Ed.2d 142 (1982); *Carothers v. Rhay,* 594 F.2d 225, 228 (9th Cir.1979). And we usually presume

---

1. There is at least one exception to this general rule: legal challenges addressed purely to sentencing may be raised on either direct appeal or collateral attack. *State v. Olson,* 22 Or.App. 344, 346–47, 539 P.2d 166, 167 (1975); *see Allbee v. Cupp,* 716 F.2d 635 at 637 (9th Cir. 1983).

that when a state court denies a petition without comment, it ruled on the merits. *Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir.1976). Here, however, we are faced with a procedure invoked by Kellotat that falls out of the normal pattern. Kellotat's petition raised an issue not derived from the trial record and not normally reviewable on appeal. His claim of error had not been reviewed by any other Oregon court. He raised his issue by petition to a Supreme Court that exercises its discretionary jurisdiction only to resolve conflicts in Oregon precedent or to decide questions of public import. *See 1000 Friends of Oregon v. Board of County Commissioners,* 284 Or. 41, 584 P.2d 1371, 1372–73 (1978). That Court has made clear that its denials of review are not to be viewed as approval of a decision on the merits. *Id.* It is true that the discretionary jurisdiction of the Oregon Supreme Court and the nature of its exercise are not sufficient to justify a defendant's by-passing that Court in the regular process of exhausting appellate review. *Batchelor v. Cupp, supra.* Here, however, Kellotat was not raising a claim that is normally a subject of direct appeal. In that circumstance, the sparing nature of the Oregon Supreme Court's exercise of discretionary jurisdiction lends support to the conclusion that Kellotat's petition did not offer a fair opportunity for decision of the claim of denial of appointed appellate counsel.

We decided a similar issue in *Sweet v. Cupp,* 640 F.2d 233 (9th Cir.1981). There the petitioner (Henderson) had ignored Oregon's statutory post-conviction remedies in favor of addressing a petition for habeas corpus directly to the Oregon Supreme Court under its discretionary original jurisdiction. The Oregon Post-Conviction Hearing Act was designed to replace the old writ of habeas corpus, and the Oregon Supreme Court had indicated that it would "rarely" exercise its jurisdiction in cases covered by the new statute. *Id.* at 238. We concluded:

> In view of the clear availability of a remedy designed to replace the extraordinary writ which Henderson sought and the Supreme Court of Oregon's long-standing policy of declining exercise of its

original jurisdiction when such a remedy exists, we can only conclude that the Supreme Court's letter order summarily denying Henderson's petition without opinion did not constitute a decision on the merits.

*Id.*

Similarly, in this case Oregon has provided an adequate and appropriate method for review of Kellotat's claim in the Post-Conviction Hearing Act. We need not decide whether the Oregon Supreme Court was without jurisdiction to entertain Kellotat's petition; it is enough that the state statutory scheme and the Court's own policies militated against reviewing the issue at this procedural stage. That being the case, the mere presentation of the interlocutory petition to the Oregon Supreme Court did not create a fair opportunity for decision, and consequently did not authorize Kellotat to proceed to federal court without seeking a state post-conviction remedy.

## II. Availability of Oregon Post-Conviction Remedies

█ It also follows from what we have said that we must reject Kellotat's contention that Oregon post-conviction remedies are unavailable to him because of Or.Rev. Stat. § 138.550. That section provides:

> (2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to his lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section.

Or.Rev.Stat. § 138.550. Kellotat argues that the denial of counsel issue was "specifically decided" by the Oregon Court of Appeals and the Oregon Supreme Court, and therefore that state post-conviction remedies are unavailable.

For reasons already stated, we disagree. The Oregon Supreme Court has warned that its denial of review should not be construed as approval of the merits. *1000 Friends of Oregon v. Board of County Commissioners,* 284 Or. 41, 584 P.2d 1371, 1372–73 (1978). In light of this clear instruction, we do not believe that Oregon courts would construe the denial of Kellotat's petitions for review as having "specifically decided" his claims. O.R.S. § 138.550(2) thus raises no bar to Kellotat seeking relief under the Post-Conviction Hearing Act.

Accordingly, we conclude that under Oregon law the state post-conviction remedies remain available to Kellotat. This is the proper avenue for Kellotat to pursue his claim of denial of appellate counsel. State remedies are not yet exhausted for this claim.

### III. Futility

 Finally, Kellotat argues that he need not seek Oregon post-conviction relief because the attempt would be futile. *See Allen v. Radack,* 426 F.Supp. 1052, 1056 (D.S.D.1977). The Oregon Circuit Court, Kellotat argues, would be unlikely to hold that the Court of Appeals had made a decision contrary to law. If the Circuit Court did so rule, the Court of Appeals would not uphold the decision, according to Kellotat.

We reject this contention. The Post-Conviction Hearing Act expressly charges the Circuit Court to grant relief when a substantial denial of petitioner's rights has occurred during "appellate review." O.R.S. § 138.530(1)(a). We are unwilling to hold that Oregon courts will so disregard their duties under the federal Constitution and the Post-Conviction Hearing Act that recourse to them is futile.

### CONCLUSION

Kellotat has not exhausted state remedies for his claim of denial of appointed counsel for appeal. The decision of the district court is accordingly AFFIRMED.