942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Narvis G. NONNETTE, Petitioner-Appellant,
v.
Robert BORG, Warden; John Van De Kamp, Respondents-Appellees.
 No. 90-55412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Aug. 30, 1991.
 
 Before BROWNING, SNEED and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Narvis G. Nonnette, a California state prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We affirm in part and reverse and remand in part.
 
 
 3
 In his habeas petition, Nonnette, who represented himself with the assistance of advisory counsel in his state criminal proceedings, claimed that his constitutional rights were violated because (1) his jury contained no black jurors, (2) the trial court made derogatory remarks about his advisory counsel's competence in the presence of the jury, and (3) the trial court denied in his absence his motion for a new trial, in which he contested the jury's composition and the court's remarks.
 
 
 4
 Nonnette fairly presented these issues in his habeas petition to the California Court of Appeal and in a petition for review to the California Supreme Court. Thus, state remedies are exhausted. See Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). The California Court of Appeal issued an opinion in which it dismissed Nonnette's challenge to the jury composition on procedural grounds and denied his other claims on the merits. The California Supreme Court summarily denied Nonnette's petition for review, which we presume is a denial based on the same grounds as those in the appeal court's opinion. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594-95 (1991).
 
 
 5
 We affirm the dismissal of Nonnette's claim concerning jury composition for the reasons stated in the district court's thorough and well-reasoned order.
 
 
 6
 Nonnette also claimed that the trial court made derogatory remarks about his advisory counsel's competence in the presence of the jury, thereby denying him effective assistance of advisory counsel and rendering his trial unfair. A trial court's derogatory remarks regarding defense counsel may constitute a denial of effective assistance of counsel or denial of a fair trial if the court's actions are clearly prejudicial to the defendant. See United States v. Garcia, 924 F.2d 925, 927-28 (9th Cir.), cert. denied, 111 S.Ct. 2809 (1991); United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985); United States v. Schoor, 597 F.2d 1303, 1308 (9th Cir.1979); United States v. Carrion, 463 F.2d 704, 707-08 (9th Cir.1972).
 
 
 7
 Whether the trial court's remarks constituted a denial of effective assistance of counsel or denial of a fair trial is a mixed question of law and fact which must be reviewed in the context of the trial court record. See Norris v. Risley, 918 F.2d 828, 830 (9th Cir.1990); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986); Carrion, 463 F.2d at 710 n. 2. Because Nonnette's claim raises a mixed question of law or fact, the district court must sua sponte obtain and independently review the relevant portions of the state court record. See Hamilton v. Vasquez, 882 F.2d 1469, 1471 (9th Cir.1989).
 
 
 8
 Here, the district court did not review the merits of Nonnette's claim concerning the remarks of the trial court, apparently because it believed that the state court had determined that Nonnette's claim was procedurally barred. Although the state court determined that Nonnette's claim concerning the jury's composition was procedurally barred, it held that Nonnette was not procedurally barred from raising his claim concerning the trial court's remarks and denied the claim on the merits. Accordingly, on remand the district court should obtain the relevant portions of the state court record, see Hamilton, 882 F.2d at 1471, and address Nonnette's claim.
 
 
 9
 Nonnette also claimed that when the trial court denied his motion for a new trial in his absence, he was denied his right to be present, in his capacity both as defendant and counsel, at a critical stage of his trial. See Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989); Sturgis v. Goldsmith, 796 F.2d 1103, 1108 (9th Cir.1986).
 
 
 10
 The district court did not review the merits of Nonnette's claim, again because it apparently believed that the state court had determined that Nonnette's claim was procedurally barred. The state court, however, determined that Nonnette was not procedurally barred and denied the claim on the merits. Because we do not have the relevant portions of the state court record, we cannot determine whether any hearing was held in Nonnette's absence regarding his motion for a new trial, whether the trial court addressed the issue anew at the sentencing hearing, or whether the trial court took the motion under submission without argument.[1] Accordingly, on remand the district court should obtain the relevant portions of the state court record, see Hamilton, 882 F.2d at 1471, and address Nonnette's claim.
 
 
 11
 AFFIRMED in part and REVERSED AND REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Court of Appeal noted in its opinion only that "the January 6, 1987 minute order denying [Nonnette's] ... motion for a new trial ... does not list any appearance by petitioner" and that "the trial court considered some of the issues [raised in the pretrial motion] anew when asked to do so by advisory counsel at the time of the sentencing hearing."