979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence Eugene JONES, a/k/a Asmar H. Saleem, Petitioner-Appellant,
v.
Manfred MAASS, Superintendant, Respondent-Appellee.
 No. 92-35215.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 17, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence Ex Jones, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Jones contends that the district court erred in dismissing his habeas petition for failure to exhaust state remedies. A federal court must dismiss a habeas corpus petition if the petitioner has not exhausted state remedies. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner can satisfy the exhaustion requirement by fairly presenting his federal claims to the highest state court or by showing that no state remedy remains available. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983).
 
 
 4
 Jones's conviction became final on April 21, 1987. On August 5, 1989, the Oregon legislature amended Or.Rev.Stat. § 138.510(2)(b) to read that a post-conviction petition must be filed within 120 days of the date the appeal is final in the Oregon appellate courts. Prior to the date this amendment became effective, a post-conviction petition could be filed at any time.
 
 
 5
 Jones filed his state post-conviction petition on September 19, 1990. He later moved to dismiss the proceeding without prejudice because he thought the trial judge would allow the state's motion to dismiss with prejudice due to the running of the statutory limitation period in Or.Rev.Stat. § 138.510(2)(b). The state court dismissed the petition without prejudice, whereupon Jones filed a federal habeas petition in the district court. The district court determined that Jones had not exhausted state remedies, rejecting Jones's argument that it would be futile to do so based upon Or.Rev.Stat. § 138.510(2)(b). The district court noted that there was no law which stated that ORS 138.510(2)(b) would apply retroactively to Jones, whose conviction became final before the statute was passed. The Oregon Supreme Court has since held that Or.Rev.Stat. § 138.510(2)(b) does not apply retroactively to petitioners whose convictions become final prior to August 5, 1989. See Boone v. Wright, 836 P.2d 727 (Or.1992) (en banc). State post-conviction relief is therefore available to Jones. The district court was correct in dismissing his federal habeas petition without prejudice because he did not first present these claims in a state habeas petition. See Rose, 455 U.S. at 515; Kellotat, 719 F.2d at 1029.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3