985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmy Lee BYRD, Petitioner-Appellant,
v.
James BLODGETT, Superintendent Washington State
Penitentiary, Respondent-Appellee.
 No. 92-36518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmy Lee Byrd, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Procedural Default
 
 3
 Byrd's first contention is that the district court incorrectly determined that he had procedurally defaulted upon six of the seven claims he raised in his habeas petition. A petitioner must exhaust his available remedies in state court before bringing a habeas corpus petition in federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner can satisfy the exhaustion requirement by either fairly presenting his federal claims to the highest state court with jurisdiction to consider them or by showing that no state remedy remains available. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). The exhaustion requirement is satisfied if the petitioner has procedurally defaulted upon his claims. Harmon v. Ryan, 959 F.2d 1457, 1460-61 (9th Cir.1992). Nevertheless, a federal court is barred from reaching the merits of claims that have been procedurally defaulted unless the petitioner can demonstrate cause for his procedural default and prejudice from the alleged constitutional violation or that a failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 Byrd filed a direct appeal with the Washington Court of Appeals after his conviction. In his appeal, Byrd raised eleven claims. After the Court of Appeals affirmed his conviction, Byrd filed a petition for review with the Washington Supreme Court, but raised only two of the eleven claims raised in his direct appeal. The Washington Supreme Court denied review. Thereafter, the Washington Court of Appeals issued a mandate setting October 31, 1989 as the final judgment date in this case.
 
 
 5
 On January 19, 1990 Byrd filed a habeas corpus petition in the federal district court, raising exactly the same claims that he raised in the present petition. The district court dismissed the petition without prejudice for failure to exhaust state remedies, because Byrd had not presented the majority of these claims to the Washington Supreme Court. On July 23, 1990 Byrd filed a state post-conviction petition with the Washington Supreme Court, which was transferred to the Washington Court of Appeals pursuant to Wash.R.App.P. § 16.3(c) and 16.5(b). The Court of Appeals denied the petition. Byrd did not seek review of the denial with the Washington Supreme Court.
 
 
 6
 On May 1, 1991, Byrd filed the instant federal habeas petition in the district court. The district court determined that six of the seven claims raised in the petition had not been presented to the Washington Supreme Court. In addition, the district court noted that Washington requires a petitioner to file a post-conviction petition within one year from the date the final judgment is entered. See Wash.Rev.Code § 10.73.090. Moreover, Wash.Rev.Code § 10.73.140 prohibits the filing of successive petitions for relief that raise the same claims as a previous petition. Therefore, because the one year time limit had expired in Byrd's case, the district court was correct in holding that Byrd had procedurally defaulted upon these claims. See Coleman, 111 S.Ct. at 2554. The district court correctly determined that Byrd failed to demonstrate cause by asserting that his appellate counsel failed to raise all of his claims from direct appeal to the Washington Supreme Court, because a letter to Byrd from his appellate counsel expressly indicates counsel's tactical decision not to raise the additional claims. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Therefore, the district court's decision that six of Byrd's seven claims for relief were procedurally barred was correct. See Coleman, 111 S.Ct. at 2565.
 
 Confrontation Clause
 
 7
 Byrd contends that the admission of out of court statements made by his child, who was unavailable to testify at trial, violated his sixth amendment right to confront witnesses against him. The Confrontation Clause of the sixth amendment is not violated where the out-of-court declarant is unavailable to testify and the declaration falls within a "firmly rooted hearsay exception". White v. Illinois, 112 S.Ct. 736, 743 (1992).
 
 
 8
 Byrd's five-year-old son had gone to the next door-neighbor's house and told the neighbor that he was unable to wake his mother. The neighbor returned to the house with the son and found the mother, Byrd's wife, dead. The neighbor, who was familiar with the couple's history of domestic violence, asked the son whether Byrd had been fighting with the child's mother. The child stated that he had been fighting with her, and repeated this statement to the first law enforcement officer at the scene. It was these statements that were admitted at trial under the excited utterance exception to the hearsay rule.
 
 
 9
 Under Washington law, a hearsay statement can be admitted as an excited utterance where the following three requirements are met: (1) there must be a startling event or condition; (2) the statement must occur while the declarant is under stress or excitement caused by the event or condition; and (3) the statement must relate to the startling event or condition. Wash.R.Evid. § 803(a)(2); State v. John Doe, 719 P.2d 554 (Wash.1986). Byrd does not challenge the finding that his son was unavailable to testify or that the first two requirements were met. Byrd's only contention is that the son's statement did not relate to the events surrounding the startling event because they were made the morning after the child's mother was killed. This court, however, has held that a statement made several weeks after the original event may be admitted as an excited utterance because a second event was "sufficiently startling to render the statement made in response thereto admissible". United States v. Napier, 518 F.2d 316, 318 (9th Cir.), cert. denied, 423 U.S. 895 (1975). The district court, relying on Napier, correctly determined that the son's statements that Byrd and his mother were fighting were related to his discovery that his mother was dead. Therefore, we affirm the judgment of the district court[1].
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Byrd's motion to dismiss without prejudice is denied