991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Ray MCKEE, Petitioner-Appellant,
v.
Kenneth O. EIKENBERRY, Washington State Attorney General;
Kurt Peterson, Superintendent of Washington
Corrections Center, Respondents-Appellees.
 No. 92-36838.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Ray McKee, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 McKee contends that the district court incorrectly determined that he had procedurally defaulted upon the claim he raised in his habeas petition. A petitioner must exhaust his available remedies in state court before bringing a habeas corpus petition in federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner can satisfy the exhaustion requirement by either fairly presenting his federal claims to the highest state court with jurisdiction to consider them or by showing that no state remedy remains available. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). The exhaustion requirement is satisfied if the petitioner has procedurally defaulted upon his claims. Harmon v. Ryan, 959 F.2d 1457, 1460-61 (9th Cir.1992). Nevertheless, a federal court is barred from reaching the merits of claims that have been procedurally defaulted unless the petitoner can demonstrate cause for his procedural default and prejudice from the alleged constitutional violation or that a failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 McKee filed a petition for habeas corpus in the Washington Supreme Court. The Court construed his habeas corpus petition as a personal restraint petition and transferred the case to the Washington Court of Appeals pursuant to Wash.R.App.P. 16.3(c) and 16.5(b). The Washington Court of Appeals denied McKee's petition, but McKee failed to seek review of the petition with the Washington Supreme Court, which a petitioner is required to do within thirty days of the entry of judgment in the lower court. Wash.R.App.P. 13.4.
 
 
 5
 In addition, the district court noted that Washington requires a petitioner to file a post-conviction petition within one year from the date the final judgment is entered. See Wash.Rev.Code § 10.73.090. Moreover, Wash.Rev.Code § 10.73.140 prohibits the filing of successive petitions for relief that raise the same claims as a previous petition. Therefore, because the one year time limit had expired in McKee's case, the district court was correct in holding that McKee had procedurally defaulted upon his claim. See Coleman, 111 S.Ct. at 2554. McKee has failed to make any showing of cause and prejudice for his failure to seek review with the Washington Supreme Court. See id. at 2565. Accordingly, the district court correctly refused to consider the merits of McKee's habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3