46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank MARRONE, Petitioner-Appellant,
v.
ALASKA PAROLE BOARD, Respondent-Appellee.
 No. 94-35593.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alaska state prisoner Frank Marrone appeals the dismissal without prejudice of his 28 U.S.C. Sec. 2254 habeas corpus petition for failing to exhaust his state judicial remedies. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and we affirm.
 
 
 3
 A petitioner satisfies the exhaustion requirement if he fairly presents his habeas claims to the state's highest court, or shows that no state remedy remains available. Picard v. Conner, 404 U.S. 270, 275 (1971); Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). A claim is fairly presented to the state's highest court if the petitioner raises "the operative facts and legal theory" on which his claim is based. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Henry v. Estelle, 33 F.3d 1037, 1040 (9th Cir.1994).
 
 
 4
 Marrone does not contradict the assertion by the Alaska Parole Board (Board) that state remedies are available for his claim. Nor does he contend that he presented any federal claim to the Alaska courts after 1980. Because the facts upon which Marrone bases his ex post facto claim arose in 1987, Marrone has not presented the operative facts of his present federal claim to the state courts. Cf. Henry, 33 F.3d at 1040; Tamapua, 796 F.2d at 262. Furthermore, the legal claim he presented in 1980 was that he should be under federal parole supervision, not that the Board must, based upon ex post facto considerations, apply federal parole guidelines to his state parole. The two claims are not substantially equivalent. See Picard, 404 U.S. at 278. Because Marrone failed to present his claim to the Alaska courts, the district court correctly dismissed his petition without prejudice. See id.; Kellotat, 719 F.2d at 1029; see also Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3