50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Orval GIBBONS, Petitioner-Appellant,
v.
DIRECTOR, NEVADA DEPARTMENT OF PRISONS; the Attorney
General of the State of Nevada, Respondents-Appellees.
 No. 94-15903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided March 1, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Orval Gibbons, a Nevada state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. He contends the district court erred when it dismissed his petition without prejudice for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 
 
 3
 In order to decide this appeal, we must determine whether the claims Gibbons raised in district court were fairly presented to the state's highest court. See Picard v. Connor, 404 U.S. 270, 276 (1971). Petitioner may exhaust his claims on direct appeal or state collateral review. Turner v. Compoy, 827 F.2d 526, 528-30 (9th Cir.1987), cert. denied, 489 U.S. 1059 (1989). So long as the right of review is not foreclosed or unduly limited, the state can require that petitioner pursue one avenue of relief to the exclusion of another. Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir.1983). A claim is fairly presented if the petitioner has described the "operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 I. Claims Raised in State Court
 
 4
 On direct appeal, Gibbons raised a number of ineffective assistance claims based on different allegations of deficient representation. Incorporating the arguments set forth in his claim that counsel was ineffective for stipulating to the admission of testimony by a sheriff's deputy concerning statements made by Gibbons after Gibbons had invoked his Miranda rights, Gibbons also claimed, as "an independent issue of law," that the "trial court erred in permitting testimony relating to [Gibbons's] confession."[1]
 
 
 5
 The state supreme court indicated that it had grave concerns regarding the effectiveness of counsel's representation but determined that the issue should be decided, after evidentiary hearing, on collateral review. Because the Nevada Supreme Court declined to address ineffective assistance of counsel on direct review, Gibbons's ineffective assistance claims were not exhausted by direct appeal. See Kellotat, 719 F.2d at 1030 (state can require that petitioner pursue one avenue of relief to the exclusion of the other so long as right of review is not foreclosed or unduly limited).
 
 
 6
 The state supreme court's decision did not address Gibbons's claim that the trial court erred by permitting a sheriff's deputy to testify to statements made by Gibbons obtained in violation of Miranda. Nonetheless, for federal habeas corpus purposes, however, Gibbons has exhausted this claim. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (per curiam) (once a claim has been fairly presented, exhaustion is satisfied even if the state court's decision does not expressly address it); Beam v. Paskett, 3 F.3d 1301, 1305-06 (9th Cir.1993), cert. denied, 114 S.Ct. 1631 (1994).
 
 
 7
 After conducting an evidentiary hearing, the state district court denied Gibbons's post-conviction petition, which alleged numerous instances of ineffective assistance of counsel.[2] Gibbons petitioned the state supreme court for review. In his petition for review, Gibbons alleged that counsel was ineffective for: (1) failing to challenge jurors who (a) expressed opinions regarding Gibbon's guilt; (b) knew prosecution witnesses and/or sheriff deputies; or (c) discussed the case with the wife of a witness; (2) failing to move for a change of venue; (3) stipulating to the admission of Gibbons's statement that he had just shot his father-in-law even though counsel had previously moved for its suppression;[3] and (4) failing to present any coherent theory of defense as exemplified by (a) permitting Gibbons to deny the shooting after counsel had stipulated to admission of Gibbon's incriminating statement;[4] and (b) stipulating to admission of Gibbons's incriminating statement[5] after experts for both sides had concluded that the victim had been shot while sleeping and the theory of the defense had changed from a combined one of accident and self-defense to Gibbons "didn't do it." Because Gibbons raised these claims to the state's highest court in his petition for post-conviction review, these claims, as formulated in the petition for review, are exhausted for federal habeas corpus purposes.[6] See Picard, 404 U.S. at 276.
 
 II. Claims Raised in Federal Court
 
 8
 On January 4, 1991, Gibbons filed a pro se habeas petition in district court which alleged that counsel was ineffective for: (1) failing to move for a change of venue; (1a) stipulating to the admission of statements made after Gibbons had invoked his Miranda rights; (2) failing to present any coherent theory of defense as counsel permitted Gibbons to deny the shooting after counsel had stipulated to the admission of statements obtained in violation of Miranda; (3) permitting Gibbons to testify while under the influence of psychotropic medication; (4) failing to object to the admission of an unduly prejudicial photograph of the victim; and (5) the cumulative effect of these errors and omissions.[7]
 
 
 9
 After the district court ordered the appointment of counsel,[8] counsel filed an amended petition on January 2, 1992 which alleged that trial counsel was ineffective for: (1) failing to move for a change of venue; (1a) stipulating to admission of statements made after Gibbons had invoked his Miranda rights as well as failing to object to the admission of all derivative evidence obtained as a result of the Miranda violation; (2) failing to present any coherent theory of defense as counsel permitted Gibbons to deny the shooting after counsel had stipulated to the admission of statements obtained in violation of Miranda; and (3) failing to object to the admissiom of an unduly prejudicial photograph of the body of the victim which was but one example of physical and forensic evidence which would not have been obtained but for the Miranda violation.
 
 III. Conclusion
 
 10
 After this exhaustive review of the record, we conclude that of all the claims Gibbons raised in the district court, only the claim that trial counsel was ineffective for failing to move for a change of venue has been exhausted. Because Gibbons has otherwise failed to fairly present to the Nevada Supreme Court the same operative facts and legal theories which he now raises in his federal petition, the rest of the claims which Gibbons raises in his federal petition are unexhausted.[9] See Picard, 404 U.S. at 276; Tamapua, 796 F.2d at 262. Consequently, we affirm the judgment of the district court dismissing Gibbons's petition without prejudice for failure to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (unless petitioner abandons his unexhausted claims, federal courts must dismiss mixed petitions).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to findings by the state district court on collateral review, Gibbons's initial statement "I just shot my father-in-law," was made voluntarily. Gibbons was then given Miranda warnings. Asked if he wished to continue talking, Gibbons said no. At trial, a sheriff's deputy testified he then asked Gibbons "What in the heck did you come here to talk to me for?" Whereupon, Gibbons allegedly said that his father-in-law came after him with an ice-pick and he had a gun in his hand and something jerked and the gun went off by accident
 
 
 [2]
 In order to exhaust, petitioner must raise his claims to the highest state court available. Picard, 404 U.S. at 276. Consequently, raising claims in state district court proceedings did not serve to exhaust them
 
 
 [3]
 Here, post-conviction counsel raised the claim that trial counsel was ineffective for stipulating to the admission of Gibbons's statement that he had just shot his father-in-law. The petition for review does not allege that counsel was ineffective for stipulating to the admission of testimony concerning statements made by Gibbons after he had invoked his Miranda rights. Miranda is not cited in the petition for review
 
 
 [4]
 Again, the petition for post-conviction review refers only to Gibbons's statement that he had just shot his father-in-law; the petition makes no reference to statements made by Gibbons after he had invoked his Miranda rights
 
 
 [5]
 See, supra, note 4
 
 
 [6]
 Miranda is not cited in the petition for review nor does any claim in the petition allege that counsel was ineffective for failing to object to statements made after Gibbons invoked his Miranda rights
 
 
 [7]
 The claims are numbered here as they were numbered in the petition in district court
 
 
 [8]
 On November 13, 1991, after opining that Gibbons's confession was obtained in violation of Miranda, and that any derivative evidence stemming from that violation should not have been admitted at trial under Wong Sun v. United States, 371 U.S. 471 (1963), the district court ordered that counsel be appointed for Gibbons and ordered that counsel file an amended petition on his behalf
 
 
 [9]
 See, supra, notes 3-6