83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian Harold COMBS, Petitioner-Appellant,
v.
Manfred F. MAASS, Respondent-Appellee.
 No. 95-35317.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Harold Combs, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. The district court dismissed Combs' petition with prejudice on the ground that he procedurally defaulted on his claims. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of procedurally barred habeas claims, Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990), and affirm.
 
 
 3
 If the state courts will no longer consider the merits of a federal constitutional claim because of the petitioner's failure to follow a state procedural rule, the petitioner has procedurally defaulted on this claim. Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). Whenever the state court finds a federal claim barred pursuant to an independent and adequate state rule, federal review of that claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993). In order to demonstrate a fundamental miscarriage of justice, the petitioner must supplement his claim of constitutional error with a colorable showing of factual innocence. Noltie, 9 F.3d at 806.
 
 
 4
 Here, following his 1992 state conviction for sodomy and felon in possession of a firearm, Combs petitioned the Oregon Court of Appeals for post-conviction relief. Combs petition was denied. After the time for bringing a petition for post-conviction relief expired, Combs raised new claims in a petition for a writ of habeas corpus to the Oregon Supreme Court. The Oregon Supreme Court denied the petition, and Combs raised these same claims in a section 2254 habeas corpus petition in the district court. Under Oregon law a petitioner must bring all grounds for relief in an original or amended petition for post-conviction relief; any grounds not so asserted are deemed waived unless the petitioner could not reasonably have raised them in his original or amended petition. See Or.Rev.Stat. § 138.550(3) (1995). Additionally, a petition for interlocutory review to the Oregon Supreme Court, where the petitioner had not previously sought review of his claims by any other Oregon court, does not satisfy the exhaustion requirement. See Kellotat v. Cupp, 719 F.2d 1027, 1030-31 (9th Cir.1983). Because Combs reasonably could have raised the instant claims in his petition for post-conviction relief and failed to do so, he waived these claims under Oregon law and consequently procedurally defaulted on his claims. See Or.Rev.Stat. § 138.550(3) (1995); Coleman, 501 U.S. at 735 n. *
 
 
 5
 Combs contends that even if he procedurally defaulted on the instant claims, he has demonstrated cause for his default. Combs contends that various state agents delayed in forwarding the record to him. He also contends that the inmate who prepared his petition for post-conviction relief was inexperienced, did not have much time, and did not have the benefit of the record. These contentions are without merit. Combs failed to demonstrate how the absence of the record prevented him from raising the instant claims in a petition for post-conviction relief. Additionally, the fact that the inmate who assisted Combs was inexperienced does not constitute cause to excuse his default. See Coleman, 501 U.S. at 752-54 (if petitioner had no constitutional right to counsel in proceeding in which the default occurred, attorney error cannot constitute cause to excuse default). Furthermore, Combs has not demonstrated a fundamental miscarriage of justice because he failed to make out a colorable showing of factual innocence. See Noltie, 9 F.3d at 805.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Combs has not demonstrated cause for his procedural default, we need not decide whether he has demonstrated prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991)