87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Arturo MARTINEZ-GARCIA, Petitioner-Appellant,
v.
Meg SAVAGE, Warden; Attorney General for the State of
Arizona, Respondents-Appellees.
 No. 96-15168.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Arturo Martinez-Garcia, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his state court conviction. The district court dismissed the petition on the ground that it included certain claims that Martinez-Garcia did not exhaust in state court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253, and we reverse and remand.
 
 
 3
 Appellant contends, in so many words, that the district court erred in dismissing his habeas petition for failure to exhaust because the Arizona courts have ruled that he was procedurally barred from raising his unexhausted claims. This contention has merit.
 
 
 4
 Absent certain limited exceptions, a state prisoner challenging a state criminal conviction must exhaust available state remedies before he can raise a federal claim in federal habeas corpus proceedings. 28 U.S.C. § 2254(b), (c). A petitioner can satisfy exhaustion by: (1) fairly presenting each of his federal claims to the highest state court with jurisdiction to consider them; or (2) showing that no state remedy remains available. Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983); see 28 U.S.C. § 2254(c) (a petitioner has not exhausted state remedies if he has the right under state law to raise, by any available procedure, the question presented). For Arizona prisoners, exhaustion is satisfied by raising a claim to the state supreme court on direct appeal or in a Rule 32 motion. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.1994).
 
 
 5
 Here, appellant stated in his habeas petition that, with respect to the claims not raised with the Arizona Supreme Court on direct appeal, he "moved for a petition for review and also sought post conviction relief," but "[t]he Arizona Courts would not allow me access to these remedies, stating my request was untimely." Appellant's habeas petition also stated that he "filed a habeas/special action in the Arizona Supreme Court, and that relief was also denied." Thus, appellant has alleged that there is no remaining state remedy available to him on his otherwise unexhausted claims. Accordingly, he has alleged exhaustion of all of his claims. See Kellotat, 719 F.2d at 1029.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3