97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane E. NICHOLAS, Petitioner-Appellant,
v.
Robert WRIGHT; Theodore R. Kulongoski, Respondents-Appellees.
 No. 95-35823.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Duane E. Nicholas appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Nicholas contends that because he filed a petition for habeas corpus with the Supreme Court of Oregon, the district court erred by finding that his claims were procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 In 1990, while incarcerated in Washington for other crimes, Nicholas pled guilty in Clackamas County, Oregon to first degree robbery with a firearm. That year, Nicholas was also convicted in Multnomah County, Oregon of first degree robbery. Nicholas did not appeal either of his Oregon convictions, nor did he seek post-conviction relief.
 
 
 4
 In 1994, Nicholas filed a petition for habeas corpus in the Oregon Supreme Court, alleging that the charges against him should be dismissed based on a violation of the Interstate Agreement on Detainers Act ("IAD") and that his trial counsel was ineffective for failing to seek dismissal based on the violation of the IAD. The Oregon Supreme Court summarily denied Nicholas's petition before a response was filed.
 
 
 5
 A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971). The presentation of claims to a state's highest court on discretionary review, without more, does not constitute a "fair presentation" of the claims and therefore does not satisfy the exhaustion requirement. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Turner v. Compoy, 827 F.2d 526, 528 (9th Cir.1987) (stating that if state mandates particular procedure to be used when seeking relief, presentation of an issue to state's highest court via statutorily deviating path will not exhaust state remedies), cert. denied, 489 U.S. 1059 (1989). If it is clear that no state remedies remain available to the petitioner, the exhaustion requirement is satisfied. See Coleman v. Thompson, 501 U.S. 722, 732 (1991); see also Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir.1983). Nevertheless, a petitioner may be barred from raising his claims in federal court based on a procedural default of those claims. See Coleman, 501 U.S. at 750; see also Batchelor v. Cupp, 693 F.2d 859, 862 (1982), cert. denied, 463 U.S. 1212 (1983). A federal court may review procedurally defaulted claims only where a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or that failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.
 
 
 6
 The Oregon Supreme Court may, in its own discretion, take original jurisdiction in habeas corpus proceedings; however, the court exercises its discretionary jurisdiction in habeas proceedings only to resolve conflicts in precedent or to decide questions of public import. See Or. Const. art. VII, § 2 (amended 1910); see also Kellotat, 719 F.2d at 1031. A denial of review by the Oregon Supreme Court does not amount to a decision on the merits. See Kellotat, 719 F.2d at 1031, citing 1000 Friends of Oregon v. Bd. of County Comm'rs, 584 P.2d 1371, 1372-73 (Or.1978) (per curiam).
 
 
 7
 Here, Nicholas did not fairly present his claims to the Oregon courts. He only attempted to present his claims to the Oregon Supreme Court by filing a state petition for habeas corpus and the Oregon Supreme Court's review of such petitions is discretionary. See Kellotat, 719 F.2d at 1031. Without more, this does not constitute a fair presentation of claims and does not satisfy the exhaustion requirement. See Peoples, 489 U.S. at 351.
 
 
 8
 Because no state remedies remain available, however, Nicholas has procedurally defaulted his claims in the Oregon courts. See Coleman, 501 U.S. at 732; Kellotat, 719 F.2d at 1029. Under Oregon law, Nicholas could have brought a direct appeal and sought post-conviction relief with regard to his Multnomah County conviction. See Or.Rev.Stat. §§ 138.053, 138.530(1)(a) and (c) (1989). He also could have sought post-conviction relief with regard to his Clackamas County conviction. See Or.Rev.Stat. § 138.510(1)(a) (1989). He failed to seek relief pursuant to the correct procedural channels and the time period for seeking such relief has since elapsed. See Or.Rev.Stat. §§ 138.071(1), 138.510(2)(a) (1989). Nicholas is now barred from raising his claims in the federal courts because of his procedural default, and has neither shown cause for his procedural default, nor has he demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Accordingly, the district court properly denied Nicholas's petition. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Nicholas's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal of Nicholas's petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal