Robert A. DEVORE, Petitioner—
Appellant,

v.

George BALDWIN, Respondent—
Appellee.

No. 01–35136.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2002.*

Submission deferred July 3, 2002.

Resubmitted April 21, 2003.

Decided April 23, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

Before: TROTT, and T.G. NELSON, Circuit Judges, and SHADUR,** District Judge.

### MEMORANDUM ***

We may affirm on any ground supported by the record.[1] Devore's petition raises various claims of prosecutorial misconduct (ground two), judicial misconduct (ground three), and ineffective assistance of appellate counsel (ground four). We conclude that all but one of Devore's claims are procedurally defaulted, and we reject his remaining claim on the merits.

■ Federal habeas relief is unavailable to a petitioner who fails to exhaust state remedies by not fairly presenting the substance of his or her federal claim to the state courts.[2] The state's exhaustion process "may require that one procedure be used to the exclusion of another so long as the right of review is not foreclosed or unduly limited."[3] In Oregon, claims of prosecutorial or judicial misconduct must normally be raised in a direct appeal, not in a post-conviction relief (PCR) proceeding.[4] Thus, an Oregon petitioner who fails to raise claims of prosecutorial or judicial misconduct on direct appeal fails to exhaust state remedies for those claims, and procedurally defaults any corresponding federal habeas claims.

### I. Ground Two: Prosecutorial Misconduct Claims

Devore did not raise any claims of prosecutorial misconduct in the direct appeal of his sodomy convictions, nor has he argued that he could not reasonably have done so. Thus, Devore failed to exhaust Oregon state remedies in regard to ground two of his § 2254 petition and has procedurally defaulted all of those claims.

### II. Ground Three: Judicial Misconduct Claims

Similarly, Devore did not raise on direct appeal his claims that the judge forced Devore to go to trial without counsel and with inadequate discovery, and has not argued that he could not reasonably have raised those claims on direct appeal. Devore therefore procedurally defaulted those claims.

■ Devore's claim that the judge imposed a grossly disproportionate sentence is one Oregon allows to be raised for the first time in a PCR proceeding.[5] However, Devore did not raise the claim in his PCR trial petition: he first raised it on appeal of the PCR judgment. This was insufficient to present the claim to the Oregon courts.[6]

■ Finally, Devore did raise on direct appeal two of his judicial misconduct claims. Specifically, he raised the claim

---

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Caro v. Woodford*, 280 F.3d 1247, 1252 (9th Cir.2002).

2. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

3. *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir.1983) (internal quotation marks and citation omitted).

4. *See id.*

5. *See Kellotat*, 719 F.2d at 1030 n. 1.

6. *See* Or.Rev.Stat. § 138.220 ("Upon a [post-conviction] appeal, the judgment or order appealed from can be reviewed only as to questions of law appearing upon the record.").

that he did not validly waive his right to counsel, and the claim that the judge erroneously denied Devore's motion for new counsel. However, with a single exception, Devore's arguments cited only Oregon state law. Citation to state law is insufficient to "fairly present" a federal claim because the Oregon cases did not analyze a federal constitutional issue.[7] Devore's sole federal law citation—a citation to the Sixth Amendment only for the proposition that he had a right to counsel—did not fairly present as a federal claim his mainly state-law argument that the trial court abused its discretion in denying his motion for a new counsel.[8] Devore therefore procedurally defaulted these claims as well.

## III. Ground Four: Ineffective Assistance of Appellate Counsel

 Oregon law provides that claims of ineffective assistance may be raised for the first time in a PCR petition.[9] However, Devore failed to raise all but one of his ineffective assistance claims in his PCR petition. The only claim that Devore presented and exhausted is his claim that his appellate counsel was ineffective by failing to procure a full trial transcript.[10] *Edwards v. Carpenter*[11] is not to the contrary. Devore has not demonstrated that the one ineffective assistance claim that he has exhausted—the failure to get a full trial transcript—amounts to "cause" for his failure to raise any of his other claims.[12] He also has not shown cause for, or prejudice from, his failure to raise his other ineffective assistance claims.[13]

We thus reach the merits of only one of Devore's claims, but nonetheless reject it. Even assuming his appellate counsel was deficient in failing to obtain a full trial transcript, Devore has made no argument that such a failure prejudiced him, nor is any prejudice apparent from the record before us.[14] We therefore reject Devore's claim of ineffective assistance on the merits.

AFFIRMED.

---

7. See *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2003) (en banc) (holding that citation to a state case is sufficient to present a federal claim only if the state case "analyz[es] a federal constitutional issue").

8. See *Reese v. Baldwin,* 282 F.3d 1184, 1190 (9th Cir.2002) (stating that a habeas petitioner "exhausts available state remedies only if he characterize[s] the claims he raised in state proceedings *specifically* as federal claims") (internal quotation marks and citation omitted) (emphasis in original).

9. See *Kellotat,* 719 F.2d at 1030.

10. Devore raised most of his ground four claims in his *appeal* of the PCR trial judgment. The Oregon Court of Appeals was statutorily authorized only to review those claims presented by the record, however, so his belated presentation does not constitute fair presentation. See Or.Rev.Stat. § 138.220.

11. 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

12. See *id.* at 451–52 (stating that an ineffective assistance of counsel claim must constitute "cause" in order to excuse the procedural default of another claim).

13. See *id.* at 452–53 (holding that a procedurally defaulted ineffective assistance claim does not excuse the default of another claim unless there was cause and prejudice in regard to the defaulted ineffective assistance claim). Nor has Devore argued for the "fundamental miscarriage of justice" exception. See *id.* at 451.

14. See *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a habeas petitioner must demonstrate both deficient performance and prejudice in order to prevail on a claim of ineffective assistance of counsel).